IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| AMY WORLEY HAGY, as Personal Representative of the ESTATE OF JESSE JAMES WORLEY,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCE AUTO PARTS, INC., SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ACE AMERICAN INSURANCE COMPANY, and INDEMNITY INSURANCE COMPANY OF NORTH AMERICA,<br><br>Defendants. | Case No. 3:15-cv-509<br><br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

The Plaintiff, complaining of the Defendants, would respectfully show the following to the Court:

**PARTIES**

1. Plaintiff Amy Worley Hagy resides in Johnston County, North Carolina.

2. Defendant Advance Auto Parts, Inc. ("Advance Auto Parts") is a business entity incorporated under the laws of the state of Delaware and is doing business throughout North Carolina, including Mecklenburg County.

3. Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick Claims Management Services") is a business entity incorporated under the laws of the state of Illinois and is doing business throughout North Carolina, including Mecklenburg County.

1

4. Defendant Ace American Insurance Company is a business entity incorporated under the laws of the state of Pennsylvania and is doing business throughout North Carolina, including Mecklenburg County.

5. Defendant Indemnity Insurance Company of North America is a business entity incorporated under the laws of the state of Pennsylvania and is doing business throughout North Carolina, including Mecklenburg County.

## JURISDICTION

6. 28 U.S.C. § 1331 and 42 U.S.C. § 1395y(b)(3)(A) supply federal question jurisdiction to the Court to resolve the controversies set forth arising under federal law in this Complaint.

7. 28 U.S.C. § 1367 allows the Court to exercise supplemental jurisdiction over the additional causes of action arising under North Carolina state law and as set forth in this Complaint.

## FACTUAL ASSERTIONS

8. Advance Auto Parts employed Mr. Jesse J. Worley on October 31, 2009.

9. On October 31, 2009. Mr. Worley was injured by accident arising out of and in the course of his employment at Advance Auto Parts.

10. Mr. Worley filed a workers' compensation claim against Advance Auto Parts with the North Carolina Industrial Commission for the injury.

11. In response to Mr. Worley's claim, Advance Auto Parts admitted responsibility under the North Carolina Workers' Compensation Act and provided some medical and disability benefits to Mr. Worley for the injury.

2

12. For purposes of Mr. Worley's workers' compensation claim, Advance Auto Parts was either self-insured or had insurance coverage with Ace American Insurance Company, Indemnity Insurance Company of North America, or Sedgwick Claims Management Services.

13. Sedgwick Claims Management Services, at the very least, acted as a third-party administrator for Advance Auto Parts, Ace American Insurance Company, or Indemnity Insurance Company of North America in Mr. Worley's workers' compensation claim.

14. The employment relationship between Advance Auto Parts and Mr. Worley ended after the injury.

15. After a dispute arose between Mr. Worley and the Defendants over additional medical benefits in the workers' compensation claim, the Full North Carolina Industrial Commission heard the dispute and filed an Opinion and Award on 27 December 2012 in Mr. Worley's favor. (Document 1-1.)

16. The Full Commission's Opinion and Award determined that Mr. Worley had many medical needs related to his injury for which Defendants had not paid in the workers' compensation claim. As a consequence, the Full Commission ordered the following:

> Defendants shall provide all reasonable and necessary medical care for Plaintiff's cardiac condition, cellulitis, dementia, lower extremity edema, pneumonia, and depression from October 31, 2009, and continuing. Within sixty days of this Opinion & Award, Defendants shall contact Medicare and any other insurance plan which has provided care, and shall settle any conditional payment liens, and/or repay the plans for the amounts expended on behalf of [Mr. Worley]. Within sixty days, the Defendants shall contact the medical providers in this case and satisfy any unpaid medical bills. Mr. Worley and family members shall be reimbursed for all out of pocket expenses within sixty days. In the event timely payment is not made to all medical providers, [Mr. Worley] and family members, and reimbursement not made to Medicare and/or other insurance providers, Defendants shall pay a ten percent late penalty on the unpaid medical expenses, or as later determined by the Industrial Commission.

(Document 1-1 p. 14 ¶ 2.)

17. On January 17, 2014, Mr. Worley and Defendants agreed to a Partial Compromise Settlement Agreement of the workers' compensation claim, under which Defendants paid a lump sum in consideration for future exposure to disability compensation, but remained responsible for any additional medical treatment necessitated by Mr. Worley's injury. The agreement stated that Mr. Worley

> is currently a Social Security Disability [*sic*—Retirement] and Medicare beneficiary. The parties have taken into consideration Medicare's potential interest in the resolution of this claim and believe that Medicare has no interest. Nothing in this agreement affects [Mr. Worley's] right to medical compensation under the [Workers' Compensation] Act. The workers' compensation carrier will remain the primary payor in this matter.

(Document 1-2.)

18. In March 2014, Mr. Worley died. His daughter, Ms. Amy Worley Hagy, has been duly appointed as the personal representative of Mr. Worley's estate by the Superior Court of Johnston County, North Carolina.

19. On November 10, 2014, the Centers for Medicare and Medicaid Services ("CMS") advised in writing that Medicare had not yet been reimbursed $37,033.87 for Medicare conditional payments made on Mr. Worley's behalf between 2009 and 2013. The letter from CMS also itemized $100,211.30 in charges billed to Medicare. (Document 1-3.)

20. Upon information and belief, Defendants have not yet reimbursed Medicare.

**FOR A FIRST CAUSE OF ACTION**
**(Medicare Private Right of Action, 42 U.S.C. § 1395y(b)(3)(A))**

21. Plaintiff reasserts and realleges the contents of paragraphs 1 through 20 as if repeated fully herein.

4

22. Defendants are "primary payers" for purposes of the Medicare Secondary Payor statute, 42 U.S.C. § 1395y(b).

23. Defendants have a demonstrated responsibility for payment of medical benefits through Mr. Worley's workers' compensation claim under one or more primary plans of workers' compensation insurance or self-insurance.

24. By instead shifting these medical costs to the federal government and specifically to Medicare, Defendants have directly and proximately caused:

   a. Mr. Worley to incur co-pays, deductibles, and other out-of-pocket expenses through the Medicare system, which Plaintiff would not have had under the comprehensive coverage provided by the North Carolina workers' compensation system.

   b. Mr. Worley's medical providers to accept lesser payments through the Medicare system than the amounts the medical providers would have gotten paid through the North Carolina workers' compensation system by Defendants.

   c. The federal government, and specifically Medicare, to absorb and subsidize the cost of Mr. Worley's medical needs for which Defendants, under the North Carolina workers' compensation system, had and have primary and full responsibility.

**FOR A SECOND CAUSE OF ACTION**
**(Unfair and Deceptive Practices under N.C. Gen. Stat. § 75-1 *et seq.*)**

25. Plaintiff reasserts and realleges the contents of paragraphs 1 through 24 as if repeated fully herein.

26. In shifting the medical costs of Mr. Worley's injury away from the workers' compensation system and onto Medicare, Defendants have:

a. Failed to acknowledge and act reasonably promptly upon knowledge and communications signaling opportunities for Defendants to start the process of reimbursing Medicare.

b. Failed to adopt and implement reasonable standards for prompt and adequate investigation and completion of Medicare Secondary Payor claims, including the one for Mr. Worley.

c. Failed to reimburse the Medicare without conducting a reasonable investigation on Defendants' responsibility to make that reimbursement based upon information readily available to Defendants.

d. Failed to affirm or deny coverage and responsibility for reimbursing Medicare within a reasonable time after having notice that Medicare paid for the medical items and services received by Mr. Worley.

e. Failed to make efforts to reimburse Medicare within a reasonable time of having notice that conditional payments had been made on Mr. Worley's behalf.

f. Compelled Plaintiff to file the current action to recover from Defendants the value of (1) the Medicare conditional payments, (2) Mr. Worley's out-of-pocket exposure in the form of copays, deductibles, and other expenses otherwise covered through the North Carolina workers' compensation system, and (3) any miscellaneous damages and costs, fees, or expenses, all of which are subsumed in and represented by the full billed charges by Mr. Worley's medical providers, despite an award by the North Carolina Industrial Commission in Plaintiff's favor on these issues.

g. Failed to promptly provide a reasonable explanation of the basis in the workers' compensation insurance policy in relation to the facts and law concerning Defendants' decision not to reimburse Medicare.

27. Defendants failed in the above-referenced particulars with such frequency and on so many occasions as to indicate a general business practice on Defendants' part.

28. By shifting costs from the workers' compensation system to the federal Medicare program, Defendants have, to its own unfair advantage, engaged in and affected commerce by paying less toward the medical expenses subsidized by Medicare, rather than paying the greater amounts required to be paid under the North Carolina workers' compensation system, which affects the revenue, efficiency, and profitability of the medical providers who cared for Mr. Worley.

29. The shifting of costs to Medicare by Defendants was the proximate cause of the unreimbursed Medicare conditional payments and other harms and losses referenced in this Complaint.

## FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment under North Carolina Common Law)**

30. Plaintiff reasserts and realleges the contents of paragraphs 1 through 29 as if repeated fully herein.

31. Medicare has made conditional payments for medical items and services related to Mr. Worley's injury at work.

32. Defendants have not paid for the same medical items and services for which Mr. Worley's medical providers received payment under Medicare.

7

33. Defendants have kept money for its own use that Defendants should have paid to Mr. Worley's medical providers in the workers' compensation claim. By doing so, Defendants have shifted the cost of Mr. Worley's injury-related medical needs to Medicare.

34. The benefit and use of this retained money has inured solely to Defendants, which has benefited at the expense of the federal government, Mr. Worley, and Mr. Worley's medical providers.

35. Defendants have been unjustly enriched by shifting costs to Medicare that Defendants should have paid for directly in Plaintiff's workers' compensation claim.

\* \* \* \* \*

WHEREFORE, the Plaintiff demands judgment in a trial by jury for monetary damages and equitable relief, either in combination or alternatively as permitted by law, consisting of:

1. Damages measured by the full value of the medical items and services billed to Medicare by Mr. Worley's medical providers.

2. Medicare conditional payments as confirmed by the Centers for Medicare and Medicaid Services, as well as any out-of-pocket exposure and expenses to Plaintiff.

3. Double damages under 42 U.S.C. § 1395(b)(3)(A).

4. Treble damages under N.C. Gen. Stat. § 75-16.

5. Attorneys' fees under N.C. Gen. Stat. § 75-16.1.

6. Statutory and common law interest.

7. The imposition of a constructive trust upon all money paid or attempted to be paid to Medicare by Defendants, or on their behalf, on or after the filing date of this Complaint or in any effort by Defendants to conduct a fraudulent conveyance.

8. Any additional and other relief that the Court deems appropriate.

This 22nd day of October 2015.

                    **s/ Vernon Sumwalt**
                    N.C. State Bar #25700
                    Attorney for Plaintiff
                    The Sumwalt Law Firm
                    1114 East Boulevard
                    Charlotte, North Carolina 28203
                    (704) 377-3770
                    Fax: (704) 377-5292
                    Email: vernon@sumwaltlaw.com

                    Michael Bertics
                    N.C. State Bar #35165
                    Lennon, Camak & Bertics, PLLC
                    3622 Haworth Drive
                    Raleigh, North Carolina 27609
                    (919) 856-9000
                    Fax: (919) 856-9003
                    Email: mwb@ncdisability.com