IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CV-509-RJC-DCK

| | |
|---|---|
| AMY WORLEY HAGY, as Personal Representative of the ESTATE OF JESSE JAMES WORLEY, <br><br> Plaintiff, <br><br> v. <br><br> ADVANCE AUTO PARTS, INC.; ACE AMERICAN INSURANCE COMPANY; SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.; INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, <br><br> Defendants. | ORDER |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss (Doc. No. 12) and the related pleadings; the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 24); Plaintiff's Objections to the Magistrate Judge's M&R (Doc. No. 25); and Defendants' Response to Plaintiff's Objections to the Magistrate Judge's M&R (Doc. No. 26).

**I.   BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) and (B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to a specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

The standard of review for a motion to dismiss is well known and well-stated in the M&R. It tests "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility means allegations that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 775 (1984)). Additionally, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed. Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Academy Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767-68 (D. Md. 2014). Furthermore, the court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

Plaintiff's Complaint alleges three causes of action, which may be grounds for recovery: (1) violation of the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b) (the "MSPA"); (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (the "UDTPA"); and (3) unjust enrichment. The Defendants made three main arguments in their motion to dismiss: (1) the UDTPA claim should be dismissed because the subject matter of the "lawsuit is pervasively and intricately regulated by a federal statutory scheme and application

of the UDTPA would create overlapping enforcement, supervision, and remedies;" (2) the UDTPA claim should be dismissed because the Complaint fails to allege facts showing that Plaintiff sustained an actual injury that was proximately caused by Defendants; and (3) the unjust enrichment claim should be dismissed because the Complaint fails to allege facts showing that Plaintiff conferred a benefit on any Defendant that would be unjust for a Defendant to keep. Defendants specifically state that they are not arguing that Plaintiff's MSPA claim should be dismissed at this time. (Doc. No. 13, at 4-5).

The Magistrate Judge determined that all three of Defendants' arguments were persuasive and recommended that the causes of action for violation of UDTPA and unjust enrichment should be dismissed. Plaintiff objected to the Magistrate Judge's recommendation regarding the UDTPA claim, but Plaintiff, in her objections, conceded the unjust enrichment claim and stipulated to its dismissal. (Doc. No. 25, at 1, n.1). Accordingly, Defendants' Motion to Dismiss as it relates to unjust enrichment claim will be granted and this Court will only address Defendants' arguments regarding the UDTPA claim.

Plaintiff asserts that the Magistrate Judge erred by recommending that the MSPA preempts the UDTPA. As Plaintiff admits, the Magistrate Judge never made an explicit finding that the MSPA preempted the UDTPA, but Plaintiff argues that "although the magistrate did not use these words, the magistrate, in effect, believes 42 U.S.C. 1395y(b)(3)(A) preempted Plaintiff's claim under the North Carolina UD[T]PA." Based on this assumption, Plaintiff then turns to an examination of the Supremacy Clause and argues that, because there is no actual conflict between the MSPA and UDTPA's stated purposes or remedies, the MSPA may not preempt the UDTPA. But, as Defendants point out, the application of the UDTPA in this case is not a question of preemption. Rather, it is a question of the scope of the UDTPA.

The UDTPA's primary purpose is to "protect the consuming public." Food Lion, Inc. v. Capital Cities/ABC, Inc., 194 F.3d 505, 519 (4th Cir. 1999). To do so, it "gives a private cause of action to consumers aggrieved by unfair or deceptive business practices." Id. Nevertheless, its scope is not unlimited and it "was not meant to encompass all business activities or all wrongdoings in a business setting." Wilson v. Blue Ridge Elec. Membership Corp., 578 S.E.2d 692, 694 (N.C. Ct. App. 2003); see also Linder v. Durham Hosiery Mills, Inc., 761 F.2d 162, 165, 167 (4th Cir. 1985). Yet, due to the UDTPA's broad language and provision for treble damages, a UDTPA count "'constitutes a boilerplate claim in most every complaint based on a commercial or consumer transaction in North Carolina.'" Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 347 (4th Cir. 1998) (quoting Allied Distributors, Inc. v. Latrobe Brewing Co., 847 F. Supp. 376, 379 (E.D.N.C. 1993)).

Despite the frequent appearance of claims under the UDTPA, North Carolina courts have refused to apply the UDTPA to certain matters, including to matters already under "pervasive and intricate regulation" by other statutory schemes that contain separate enforcement, supervisory, and remedial provisions. Skinner v. E.F. Hutton & Co, Inc., 333 S.E.2d 236, 241 (N.C. 1985) (quoting Linder, 761 F.2d at 167). UDTPA is commonly pled in an attempt to receive treble damages, but courts have held that remedy, through a UDTPA claim, is not appropriate "where there already exists an extensive regulatory regime to address the violations…" because such a remedy under those circumstances "would improperly 'create overlapping supervision, enforcement, and liability in this area.'" Wake County v. Hotels.com, LP, 2007 WL 4125456 (N.C. Sup. Ct. Nov. 19, 2007) (quoting HAJMM Co. v. House of Raeford Farms, Inc., 403 S.E.2d 483, 493 (N.C. 1991)); see, e.g., Skinner, 333 S.E.2d at 241 (holding that the UDTPA does not apply to securities transactions because they are subject to

"pervasive and intricate regulation" (quoting Linder, 761 F.2d at 167)); Bache Halsey Stuart, Inc. v. Hunsucker, 248 S.E.2d 567 (N.C. Ct. App. 1978) (holding that the UDTPA does not apply to commodities transactions because they are subject to a "pervasive" federal scheme).

Like the "pervasive and intricate" statutory schemes regulating securities and commodities transactions, there clearly exists a "pervasive and intricate" statutory scheme governing Medicare. The Medicare field is "highly regulated by federal statutes and administrative regulations." Bache Halsey Stuart, Inc., 248 S.E.2d at 568 (describing commercial activity surrounding the commodities futures exchanges). In fact, the laws and regulations governing Medicare have been described as "convoluted and complex," further indicating its pervasiveness and intricacy. Estate of Urso v. Thompson, 309 F. Supp. 2d 253, 259 (D. Conn. 2004). But not only is there a "pervasive and intricate" statutory scheme governing Medicare generally, there is a "pervasive and intricate" scheme specifically governing Medicare Secondary Payer claims. 42 U.S.C. §§ 1395y(b)(2) and (3) address, among other things, when Medicare can make secondary payer payments, repayments to Medicare, actions by the U.S. government, right of appeal, and enforcement of matters related to a violation of the repayment requirement, including providing for a private cause of action. As noted by Defendants, the MSPA provides for its own enforcement, supervision, and remediation. Medicare Secondary Payer claims are clearly regulated by a pervasive and intricate statutory scheme—the MSPA—and that scheme provides a remedy for violations and a means to obtain that remedy. On this basis, the UDTPA does not apply to Plaintiff's claims and should be dismissed. Plaintiff's claims are more properly adjudicated through the system specifically established to govern Medicare Secondary Payer claims.

Furthermore, an examination of the purpose of the UDTPA makes clear that it is not intended to apply to Plaintiff's allegations. Indeed, the purpose of UDTPA is an important factor in determining the scope of the Act's application. Food Lion, Inc., 194 F.3d at 520 ("[T]he fundamental purpose of the U[D]TPA is to protect the consumer, and courts invariably look to that purpose in deciding whether the act applies."). Plaintiff is not a consumer who purchased goods from Defendants. Rather, Plaintiff is a former employee to one of the Defendants, Advanced Auto Parts, and the other Defendants are insurance companies and a third-party administrator for Advanced Auto Parts, not for Plaintiff. Simply put, this is not a case between buyer and seller or business competitors, and accordingly, the UDTPA does not apply.

Having determined that the UDTPA is not applicable to the current case and that Plaintiff's claim under the UDTPA should be dismissed, the Court finds it unnecessary to address whether the Plaintiff has plead an injury sufficient under the UDTPA to survive the Motion to Dismiss.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss (Doc. No. 12) is **GRANTED**. Specifically, Plaintiff's second and third causes of action, for Unfair and Deceptive Practices under N.C. Gen. Stat. § 75-1 *et seq.* and for unjust enrichment, are **DISMISSED**. Plaintiff's first cause of action, for a violation of the Medicare Secondary Payer statute, 42 U.S.C. § 1395y(b), may proceed to discovery.

Signed: September 27, 2016

Robert J. Conrad, Jr.
United States District Judge